IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OSVALDO IRIZARRY, JR.,              )
                                    )
            Plaintiff,              )
                                    )
       vs.                          )   Civil Action No. 05-231
                                    )
JO ANNE B. BARNHART,                )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
            Defendant.              )

O R D E R

AND NOW, this 6th day of March, 2006, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

1

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

The Court notes that Plaintiff challenges the Administrative Law Judge ("ALJ")'s residual functional capacity ("RFC") determination by arguing, inter alia, that Dr. Rohar assessed several of Plaintiff's work abilities as "fair," and that the ALJ improperly interpreted the ratings of "fair" as an indication of ability instead of disability. Dr. Rohar assessed the following of Plaintiff's abilities as "fair": Plaintiff's ability to relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, and maintain attention/concentration, as well as his ability to understand, remember, and carry out complex job instructions, his ability to behave in an emotionally stable manner, his ability to relate predictably in social situations, and his ability to demonstrate reliability. (R. 123-24). Relying on the Tenth Circuit Court of Appeals case of Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614 (10th Cir. 1995), Plaintiff contends that a designation of "fair" in a check-box mental assessment form is an indication that Plaintiff suffers from a "marked" impairment, which is evidence of disability, rather than ability.

The Court is unpersuaded by Plaintiff's argument. Although the meaning of "fair" in a check-box mental assessment form has not been specifically addressed by the Third Circuit (but see Parsons v. Barnhart, 101 Fed. Appx. 868 (3d Cir. 2004) (holding that "fair" as defined by the psychiatrist in that case described, at most, moderate limitations on the plaintiff's ability to work)), the Eighth Circuit, in Cantrell v. Apfel, 231 F.3d 1104 (8th Cir. 2000), held that the term "fair" is "both a measure of ability and disability." The court further held that "fair" is "on the balance between poor ability to function and greater ability to function. A physician's use of the term 'fair' does not, on its own, declare that the claimant cannot return to past work. Rather, the term 'fair' requires a review of the entire record in order to judge whether the balance tips toward functional ability or toward disability." Id. at 107-08. See also Klinger v. Barnhart, No. Civ. A 02-1008, 2003 WL 21654994 (E.D. Pa. July 15, 2003). The approach taken by the courts in Cantrell and Klinger, which requires a court to review the record as a whole to determine limitations rather than emphasizing check-box designations, is consistent with the Third Circuit's approach of emphasizing the record as a whole over reliance merely on check-box forms. See Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). This Court, therefore, adopts the approach taken in Cantrell and Klinger.

In making his assessment of Plaintiff's RFC and his determination of the nature and severity of Plaintiff's impairments and resulting limitations, the ALJ considered the entire record, including all medical opinions, and substantial evidence in the record supports his decision. Indeed, the ALJ essentially included all of the abilities that Dr. Rohar designated as "fair" in Plaintiff's limitations in his determination of Plaintiff's RFC. (R. 14, 123-24).

Plaintiff also argues that the ALJ erred in not specifically addressing several Global Assessment of Functioning ("GAF") scores he received from different treating physicians. He argues that these GAF scores contradict the ALJ's finding that he did not meet any listing and that her failure to address the scores, therefore, renders her decision unsupported by substantial evidence. The Court

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion

---

(...continued)
disagrees.

GAF scores, while certainly evidence to be considered, do not directly correlate to a determination of whether an individual is or is not disabled under the Act:

> The GAF scale, which is described in the DSM-III-R (and the DSM-IV), is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listings.

65 Fed. Reg. 50746, 50764-65. While under certain circumstances a GAF score can be considered evidence of disability, standing alone, a GAF score does not evidence an impairment seriously interfering with a claimant's ability to work. See Lopez v. Barnhart, 78 Fed. Appx. 675, 678 (10th Cir. 2003). GAF scores may indicate problems that do not necessarily relate to the ability to hold a job. See id.; Zachary v. Barnhart, 94 Fed. Appx. 817, 819 (10th Cir. 2004); Wilkins v. Barnhart, 69 Fed. Appx. 775, 780 (7th Cir. 2003).

Here, there is no evidence from the record that would indicate that any GAF score received by Plaintiff, with the possible exception of the one received from Dr. Rohar (which was addressed by the ALJ), in any way related to his ability to work. Indeed, contrary to Plaintiff's arguments, none of his treating physicians offered any opinion as to whether Plaintiff's impairments seriously interfered with his ability to work. There is nothing in the record, including the GAF scores, that contradicts the ALJ's findings. Therefore, the ALJ did not have to specifically address the GAF scores in determining whether Plaintiff met a listing or in determining his RFC. See Lopez, 78 Fed. Appx. at 677-78; Zachary, 94 Fed. Appx. at 819; Wilkins, 69 Fed. Appx. at 780; Howard v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002).

This case is unlike the cases relied upon by Plaintiff, including Span v. Barnhart, No. Civ. A 02-CV-7399, 2004 WL 1535768 (E.D. Pa. May 21, 2004), and Escardille v. Barnhart, No. Civ. A 02-2930, 2003 WL 21499999 (E.D. Pa. June 24, 2003). In Span, the record contained no treatment notes accompanying the GAF scores. See 2004 WL 1535768 at **6-8. In Escardille, the treating physician had not only opined that the plaintiff had a GAF score of 50, he also opined that he was unable to perform competitive work on a sustained basis. See 2003 WL 21499999 at *6. Here, there were treatment notes accompanying the GAF scores, which the ALJ specifically referenced, and those notes did not indicate in any way that Plaintiff's impairments seriously interfered with his ability to work, nor did any physician opine that Plaintiff could not work.

There is no indication that the ALJ failed entirely to consider Plaintiff's GAF scores in making her determination. Therefore, since she was not required to specifically address them because they did not undermine or constitute significant probative evidence in opposition to her findings, substantial evidence supports her decision.

for Summary Judgment (document No. 6) is DENIED and defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

                                        S/Alan N. Bloch
                                        United States District Judge

cc/ecf:   Peter M. Suwak, Esquire
            Asst. U.S. Atty. Lee Karl